WM 20-349 JP
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

ROSLYN DAVIS,                                      **Index No.: 512020/2020**

         Plaintiff,

   -against-

WAL-MART STORES EAST, LP,                   **DEMAND FOR VERIFIED**
                                                    **BILL OF PARTICULARS**

        Defendant.

-----------------------------------------------------------------X

        PLEASE TAKE NOTICE, that in accordance with Section 3041, Rules 3042, 3043 and 3044 of the CPLR, you are hereby required to serve upon the undersigned a Verified Bill of Particulars pursuant to the following demand within twenty (20) days:

        1.     State the date and approximate time of day of the accident.

        2.     Set forth the place of occurrence, giving in full detail the exact location of the scene of the accident.

        3.     State the address of the plaintiff(s) at the time of the alleged occurrence.

        4.     State the present address of the plaintiff(s).

        5.     State the plaintiff(s) date of birth and social security number.

        6.     If any dangerous or defective condition is alleged, state the nature of the alleged condition and set forth the exact location of the defect.

        7.     Is actual notice claimed?  If so, the name of the person to whom notice is claimed to have been given, and whether written or oral and the date thereof.

        8.     Is constructive notice claimed?  If so, the length of time it will be claimed the alleged condition existed.

9.      Provide a statement of each and every personal injury alleged to have been sustained by plaintiff(s), including the nature, location, extent of duration and the effects of same.

10.     State which personal injuries plaintiff(s) will claim are permanent.

11.     Separately state the length of time confined to (a) hospital, (b) bed, and (c) house.

12.     State the length of time the plaintiff(s) was (a) totally disabled, and (b) partially disabled.

13.     State the following: (a) vocations of plaintiff(s) at the time of the alleged occurrence, (b) names and addresses of employers, (c) average weekly earnings, and (d) state separately period of total and/or partial disability, (e) if self-employed, a detailed statement of how alleged loss of earnings or income are arrived at.

14.     Give a detailed statement of amounts claimed as special damages, if any, for (a) physician's services, (b) hospital expenses, (c) nurse's services, (d) medical supplies, (e) loss of earnings, (f) maid services, (g) any additional or other special damages.

15.     Set forth the names and addresses of any and all witnesses to this occurrence.

16.     If this claim arises out of an alleged incident on defendant's premises, separately state:

(a)     the item or items which allegedly caused plaintiff(s) injury;

(b)     the exact location of the incident indicating aisle demarcation, if applicable and/or state exact location of the incident in reference to identifiable stationary objects, setting forth the distance from any such objects;

(c)     the alleged defective condition which caused plaintiff(s) injury;

(d)     the manner in which it is claimed plaintiff(s) was injured.

1.      Specify each and every act or omission on the part of this defendant, defendant's agents, servants or employees which is alleged to have caused or contributed to plaintiff(s) accident.

2.      Designate by article, section, division and subdivision, the statutes, ordinances, rules and regulations alleged to have been violated by defendant.

PLEASE TAKE FURTHER NOTICE, that in the event of your failure to furnish such a Bill of Particulars within the said period of twenty (20) days, a motion will be made of an Order precluding you from giving any evidence at the trial of the above items, of which particulars have not been delivered in accordance with this demand.

Dated: Northport, New York
       August 16, 2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By:     _____
        PATRICIA A. O'CONNOR
        7 Bayview Avenue
        Northport, New York  11768
        (631) 261-7778
        File No.: WM 20-349 JP

TO:     LEVINE & SLAVIT, PLLC
        Attorneys for Plaintiff
        60 East 42nd Street, Suite 2101
        New York, New York  10165
        (212) 687-2777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

ROSLYN DAVIS,

**Index No.: 512020/2020**

               Plaintiff,

    -against-

WAL-MART STORES EAST, LP,

               Defendant.

-----------------------------------------------------------------X

## <u>COMBINED DEMANDS OF DEFENDANT</u>

SERVED BY:            BRODY O'CONNOR & O'CONNOR, ESQS.
                        Attorneys for Defendant
                        7 Bayview Ave
                        Northport, NY, 11768
                        (631) 261-7778

        PLEASE TAKE NOTICE that you are hereby required to produce and permit discovery by the undersigned of the documents and things hereinafter enumerated for inspection at the office of BRODY O'CONNOR & O'CONNOR, ESQS.  thirty (30) days upon receipt of said demand, at 10:00 o'clock in the forenoon of that day, at which time they will be physically inspected, tested, copied or mechanically reproduced.

        PLEASE TAKE FURTHER NOTICE that production of documents and other items may be accomplished by forwarding true copies of same to the offices of the undersigned on or before the aforesaid date, in which case a personal appearance on that date will not be necessary.  If these demands will be complied with by way of a personal appearance, we ask that you confirm your appearance at least twenty-four (24) hours prior thereto.

COUNSELORS:

PLEASE TAKE NOTICE, that pursuant to the CPLR and the appropriate Rules of Court, and case law interpreting discovery and inspection, the undersigned hereby serves upon you the following demands returnable at the offices of BRODY O'CONNOR & O'CONNOR, ESQS. , 7 Bayview Ave, Northport, NY 11768.

**I.      DEMAND FOR THE NAMES AND ADDRESSES OF WITNESSES:**

PLEASE TAKE NOTICE, that demand is hereby made upon you to furnish the undersigned with a verified statement concerning the names and addresses of any and all persons known to your client, or to you, as attorney for your client, claimed to have either been an actual witness to or to have firsthand knowledge with respect to the following:

(A)     The occurrence alleged in the Complaint and/or the occurrence which is the subject matter of the instant litigation; or

(B)     Any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint or caused the occurrence which is the subject matter of the instant litigation; or

(C)     Any actual notice allegedly given to the defendant answering herein of any condition which allegedly caused the occurrence alleged in the Complaint or the occurrence which is the subject matter of the instant litigation; or

(D)     The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint or the occurrence which is the subject matter of the instant litigation; or

(E)     Conversations, communications or writings with respect to the circumstances or events referred to in the Complaint or in any affirmative defense asserted by any party herein; or

(F)     Items of special or general damages asserted by plaintiff(s) in the within action or with respect to any set off or counterclaim by any defendant or third-party defendant; or

(G)     Names and addresses of witnesses who possess vital information which bears on the liability issues.   Hughes v. Elias, 120 A.D.2d 703, 502 N.Y.S.2d 772 (2nd Dept., 1986).

This demand is made upon you pursuant to the authority of Zellman v. Metropolitan Transportation Authority, 40 A.D.2d 248, 339 N.Y.S.2d 255, 1973; Zayas v. Morales, 45 A.D.2d 610, 350 N.Y.S.2d 1974; Hoffman v. Ro-San Manor, 73 A.D.2d 207, 425 N.Y.S.2d 619.

In the event that no such names or addresses are currently known, then a verified statement to this effect shall be provided within the above stated time.

PLEASE BE FURTHER ADVISED, that this demand is a continuing one and that should such information become known in the future, then said names and/or addresses should be furnished within a reasonable time after acquiring same.

PLEASE BE FURTHER ADVISED, that any attempt to introduce testimony at the time of trial of any witnesses not disclosed will be objected to or in the alternative, the undersigned will move this Court for an Order compelling production of said names and/or addresses.

I.     DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATEMENT OF A PARTY REPRESENTED BY THE UNDERSIGNED

PLEASE TAKE FURTHER NOTICE, that the undersigned hereby demands that you produce, pursuant to CPLR 3101(e), full, true, legible and complete copies of any and all statements made by, or taken from any of the parties represented by the undersigned, their servants, agents and/or employees, whether written, oral or recorded (including full, true, legible and complete copies of transcripts of same), in your possession, custody or control or presently in the possession or under the control of a party you represent, or your agent, servant, employee and/or principal.

II.     DEMAND FOR ACCIDENT REPORTS

PLEASE TAKE FURTHER NOTICE, that the undersigned demands that you produce, pursuant to CPLR 3101(g), full, true, legible and complete copies of any report concerning the accident or occurrence which is the subject matter of this lawsuit prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity.  This demand includes all accident reports, whether or not prepared exclusively in preparation for litigation.  Pataki v. Kiseda, 80 A.D.2d 100, 437 N.Y.S.2d 694 (1981).

III.    **DEMAND FOR PHOTOGRAPHS**

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to Article 31 of the CPLR, that you produce and provide copies of any and all photographs, slides, videotapes or motion pictures in plaintiff(s) custody or control depicting:

(A)     The scene of the accident or occurrence;

(B)     The motor vehicle involved (if an auto accident);

(C)     The defective condition involved;

(D)     The injuries to the plaintiff(s);

(E)     Property damage; and

(F)     Any defect, condition or substance alleged in the Complaint.

PLEASE TAKE FURTHER NOTICE, that your failure to comply with this Notice will result in an appropriate application to the Court;

PLEASE TAKE FURTHER NOTICE, that in the event photographs of the scene of the accident or occurrence are attempted to be introduced at the time of trial without compliance with this Notice, there will be objections to the introduction of same.

If no such photographs are in the possession, custody or control of any parties you represent in this action, so state in sworn reply to this demand.

## I.      DEMAND FOR NAMES AND ADDRESSES OF PARTIES AND ATTORNEYS

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to CPLR 3102(a), 2103(e) and 3118, that you provide a list of those attorneys who have appeared in this action together with their addresses and the name and address of the party for whom such attorneys have appeared.

## II.     DEMAND FOR EXPERT WITNESS DISCLOSURE

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to CPLR 3101(d), that you set forth the following:

(A)     State whether there is any person you expect to call as an expert witness at the time of trial of this action.

(B)     If the answer to the preceding is in the affirmative, please state in detail as to each and every such expert person:

(i)      Expert witness's identity.

(ii)     Expert witness's address.

(iii)    Expert witness's field of expertise.

(iv)    Any sub-specialties of the witness within their field of expertise.

(v)     In reasonable detail, the subject matter on which each and every expert is expected to testify.

(vi)    In reasonable detail, the substance of the facts and opinions to which each and every expert is expected to testify.

(vii)   In reasonable detail, the qualifications of each and every expert witness.

(viii)  In reasonable detail, a summary of the grounds for each and every expert's opinion.

(ix)    Names, dates and publishers of any treatises, books, articles, or essays or other writings published or unpublished by the expert relating in any way to the subject matter on which said expert is expected to testify.  For each published article and essay, state the title of the book, journal or other work in which it can be found, the name and address of the publisher and date of publication.

(A)     State whether any expert, including but not limited to the person or persons identified in the preceding demands, at any time made an examination analysis, inspection or test of:

(i)     The premises of the area involved in the accident/occurrence.

(ii)    Any other item of real evidence which maybe relevant to determining the cause of the occurrence of the damages alleged in the Complaint.

(A)     If the answer to any of the preceding demands is in the affirmative, for each such person state:

(i)     The determination, if any, as to whether or not the product or item inspected was manufactured consistent with specifications.

(A)     Has the object or product identified in the preceding demands been destroyed or altered in the course of the examination, analysis, inspection or test performed upon it?

(B)     Did anyone assist the persons identified in the preceding demands in the performance of the examination, inspection and analysis of tests?

(C)     If the answer to any of the preceding demands is in the affirmative:

    (i)     Identify each person who gave such assistance.

    (ii)    Describe the type and amount of assistance given.

    (iii)   State the dates on which such assistance was given.

(A)     Did any of the persons identified in any of the preceding demands submit any reports based upon the test examinations conducted?

(B)     If the answer to any of the preceding demands is in the affirmative, state:

    (i)     A description of each report that was made.

    (ii)    The date that each report was made.

    (iii)   Identify the person to whom each report was submitted.

    (iv)    Identify the persons who have present custody of each report.

(A)     Attach a copy of any reports identified in response to any of the preceding demands.

PLEASE TAKE FURTHER NOTICE, that upon your failure to respond to this demand within twenty (20) days, a motion will be made pursuant to CPLR 3101(d) for sanctions and/or to compel compliance with same.

**I.     DEMAND FOR ECONOMIC EXPERT DISCLOSURE**

Pursuant to CPLR 310l(d)(l), it is demanded that you respond to the following:

1.     If you expect to call an economist or actuary, state:

    a.     A specific description of the losses for which such calculations will be made (i.e., present value of the loss of future earnings, present value of loss of second job earnings, present value of future medical expenses, etc.);

    b.     The undiscounted amount of such loss;

c.      The present value of the dollar amount of such loss;

d.      The discount rate applied by such persons to determine present value and the reason for such rate;

e.      The number of years involved in such discounting process and the opinions and facts on which the economist bases the determination of that number of years;

f.      With regard to testing concerning growth of future income on an annual or other basis at a projected rate of income greater earned by plaintiff when last employed, state the growth rate for such income as estimated by such person, the opinions and facts on which that estimate is based, and specify the publication and location by defendants;

g.      Specify each factor other than those which have been noted above, which the person has used in calculating the net amount of the present value of the loss and identify specifically the source material and page number on which such person bases the opinion on or draws the facts from

h.      With regard to any information secured from any text, publication, graph, chart or study other than as already designated specify such source material and page numbers;

i.      In detail, state precisely the manner in which the person reached the conclusions, showing the mathematical calculations involved; and

j.      With regard to any report, memoranda, or any other matter in writing showing in whole or in part the expert's conclusions or the facts upon which such conclusions were based, state the date of such writing and the names and addresses of person(s) having copies.

**I.**

## DEMAND FOR MEDICALS

PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR 3101 and the Appellate Division and/or Trial Term Rules and the Uniform Rules for the New York State Trial Courts, demand is hereby made upon the plaintiff(s) or her attorneys to provide:

(A)     The names and addresses of all physicians, osteopaths, chiropractors, physical therapists, and other licensed medical professionals and other health care providers of every description who have consulted, examined or treated the plaintiff(s) for each of the conditions, physical or mental, allegedly caused by, or exacerbated by the occurrence described in the Complaint, including the date of such treatment or examination.

(B)     Duly executed and acknowledged written authorizations directed to any hospital, clinic or other health care facility in which the injured plaintiff(s) herein is or was treated or confined due to the occurrence set forth in the Complaint so as to permit the securing of a copy of the entire hospital record or records including x-rays and technicians' reports.  **SAID AUTHORIZATIONS MUST COMPLY WITH THE REQUIREMENTS OF HIPAA.**

(C)     Duly executed and acknowledged written authorizations to allow this defendant(s) to obtain the complete office medical records relating to plaintiff(s) of each health care provider identified in (A) above.

(D)     Copies of all medical reports received from health care providers identified in (A) above.  These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technicians' reports which will be offered.

(E)     Duly executed and acknowledged written authorizations specifying prescription number(s) which will allow the defendant(s) to obtain the complete records of all drugs prescribed for plaintiff(s) for one (1) year prior to the occurrence described in the Complaint to the present date.

(F)     Duly executed and acknowledged written authorizations specifying prescription number(s) which will allow the defendant(s) to obtain the complete records of all drugs prescribed for plaintiff(s) for injuries allegedly sustained in the occurrence complained of in the Complaint.

(G)     Duly executed authorizations with respect to any osteopaths, chiropractors and/or other licensed medical professionals who have rendered treatment to plaintiff(s) with respect to any condition pre-existing or preceding the

events complained of in the Complaint involving disease, disability or injury (or, if applicable, prior psychiatric or psychological disorders) which in any way is alleged to have been aggravated or exacerbated, or to have caused any increase in the sequela of those injuries or conditions allegedly resulting from the events complained of in the within action.

(H)     Duly executed authorizations with respect to any hospitals, clinics or other similar health care providers which have rendered treatment to plaintiff(s) with respect to any condition pre-existing or preceding the events complained of in the Complaint involving disease, disability or injury (or, if applicable, prior psychiatric or psychological disorders) which in any way is alleged to have caused any increase in the sequela of those injuries or conditions allegedly resulting from the events complained of in the within action.

PLEASE TAKE FURTHER NOTICE, that with respect to Items (A), (B), (C), (D), (E), (F), (G) and (H), the authorizations to be provided shall state, as well, the approximate period or periods that such services were rendered or provided.

PLEASE TAKE FURTHER NOTICE, that upon your failure to comply with this demand, an appropriate motion will be made seeking an Order compelling the production of the aforesaid and in addition, a motion will be made to preclude the plaintiff(s) upon the trial of the within action from offering in evidence or testifying as to any of the conditions which are referred to in said reports, records or examinations demanded herein.

## II.     **DEMAND FOR COLLATERAL SOURCES**

PLEASE TAKE FURTHER NOTICE, that the undersigned hereby demand that you produce:

A verified statement setting forth the amounts claimed by the plaintiff(s) for the cost of:

(A)     Medical care;

(B)     Dental care;

(C)     Custodial care;

     (D)    Rehabilitation services;

     (E)    Loss of earnings; and

     (F)    Any other economic loss.

Further, it is demanded that the plaintiff(s) list and identify in a verified statement and provide duly executed and acknowledged authorizations directed to each and every collateral source including, but not limited to, insurance, no-fault, social security, disability, workers' compensation, or employee benefit programs setting forth the names, addresses, and policy numbers of the providers of such collateral sources as well as the amounts paid and the dates paid.

PLEASE TAKE FURTHER NOTICE, that submission to the undersigned of duly executed authorizations and true and conformed certified copies of the items demanded herein at any time prior to the date set forth for such discovery and inspection will be deemed compliance with this demand provided it is accompanied by a verified statement as to the accuracy thereof.

PLEASE TAKE FURTHER NOTICE, that if this notice is not complied with, an application will be made for the imposition of appropriate sanctions and to compel compliance with this notice.

## I.    <u>DEMAND FOR DISCOVERY OF INSURANCE POLICIES</u>

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to CPLR 3101(f), that you produce all policies of insurance, including excess, umbrella and/or catastrophe insurance, applicable to the within occurrence which may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

PLEASE TAKE FURTHER NOTICE, that a copy of the face sheet of the insurance policy and/or a letter on your stationery or on the insurance carrier's stationery setting

forth limits of liability will suffice in lieu of production of the insurance agreement above requested.   If any of the insurers who issued the above-referenced policy have disclaimed coverage, in whole or in part, or are defending under a reservation of rights, please so state and provide a true copy of said disclaimer of coverage or reservation of rights.

PLEASE TAKE FURTHER NOTICE, that upon your failure to produce the insurance agreement or a statement as to coverage, a motion may be made for discovery and inspection and costs may be requested.

PLEASE TAKE FURTHER NOTICE, that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

## II.    DEMAND FOR EMPLOYMENT AND INCOME VERIFICATION

PLEASE TAKE FURTHER NOTICE, that if a claim for lost earnings or diminution of earning capacity is being made, the undersigned demands that you produce the following:

(A)    If the plaintiff(s) was not self-employed, duly executed and acknowledged original written authorizations directed to the last employer prior to the date of accident/occurrence and the first employer subsequent to the date of accident/occurrence so as to permit the securing of plaintiff(s) entire personnel/performance record including records regarding wages, attendant, original job application and medical records.

(B)    If plaintiff(s) was self-employed, it is demanded that the undersigned be supplied with a properly completed and executed IRS For 4506 authorizing the IRS to release plaintiff(s) full income tax returns for a period of five (5) years preceding the accident and/or occurrence in question, and to date.

PLEASE TAKE FURTHER NOTICE, that the foregoing Combined Demand is a continuing demand.   In the event any of the above items are obtained after service of this demand, or service of a response thereto, they are to be furnished to the undersigned forthwith.

III.      **DEMAND FOR VIDEO/ SURVEILLANCE**

PLEASE TAKE NOTICE, that demand is hereby made upon you, pursuant to CPLR §3101 and 3120(a), you are hereby required to produce and permit discovery, inspection and copying by the undersigned defendants, or their attorneys acting on their behalf, of any and all videography and/or surveillance footage taken of plaintiff which accurately reflects the incident which is the subject of this lawsuit.

IV.      **DEMAND FOR EMPLOYMENT RECORDS, DISABILITY RECORDS AND WORKERS' COMPENSATION RECORDS**

PLEASE TAKE NOTICE, that pursuant to the rules of this Court, the plaintiff is required to serve upon and deliver to the undersigned, the following:

1.      If plaintiff is self-employed or obtains income from sources other than employment submit copies of plaintiff's income tax returns for a three-year period preceding the date of the accident as set forth in plaintiffs Complaint.

2.      If a claim has or will be made pursuant to the terms of Workers' Compensation law, with respect to each and every application:

a.      Set forth the name, address, policy number and claim number to which a claim has been or will be made, together with the Workers' Compensation Board file number.

b.      Set forth duly executed and acknowledge written HIPAA-compliant authorizations enabling the undersigned attorneys to obtain examine, inspect, photocopy plaintiffs entire Workers' Compensation file of both the New York State and the employer's Workers' Compensation file identified in the response to paragraph "(d)(l)".

c.      Set forth a duly executed and acknowledge written HIPAA-compliant authorization enabling undersigned attorneys to obtain all Workers'

Compensation hearing transcripts of plaintiff. If the plaintiff did not testify before the Workers'
Compensation Board, please indicate so.

        d.      Complete the Workers' Compensation Board Claimant's
Authorization to Disclose Workers' Compensation Records form OC-11OA allowing the
undersigned defendants to obtain plaintiff's Workers' Compensation records.

        3.      If a disability claim has or will be made pursuant to the terms of the Social
Security Laws, with respect to each and every application:

        a.      Set forth the name, address, policy number assigned.

        b.      Set forth duly executed and acknowledge written
HIPAA-compliant authorizations enabling undersigned attorneys to obtain the records relating to
plaintiff.

        4.      Pursuant to CPLR §4545 produce and permit the undersigned attorneys to
inspect and copy the contents of:

        a.      Each and every collateral source of payment, including but not
limited to, insurance agreements, Social Security, Workers' Compensation or employee benefit
programs, and any other collateral source of payment for past or future costs or expenses alleged
to have been incurred by plaintiff and for which recovery is sought in the instant action, and

        b.      A written statement setting forth any such collateral sources and
their amounts;

        c.      Duly executed and acknowledge written HIPAA-compliant
authorizations enabling undersigned attorneys to obtain the records relating to collateral source
information as set forth herein.

        5.      Duly executed and acknowledge written HIPAA-compliant authorizations
enabling undersigned attorneys to obtain and copy:

       a.     Employment records for three years prior to the date of accident to present; and

       b.     Union records for three years prior to the date of accident to present.

## V.    DISCLOSURE OF IMMIGRANT STATUS OF PLAINTIFF

PLEASE TAKE NOTICE, that under the authority of Balbuena v. IDR Realty, LLC, 6 N.Y.3d 338, 812 N.Y.S.2d 416 (2006), demand is hereby made that plaintiff duly execute and return to the offices of the undersigned the G-639 Freedom of Information/Privacy Act Request with all supporting documentation described in said form for processing.

## VI.    DEMAND FOR DOCUMENTS AUTHORIZING EMPLOYMENT

1.    If plaintiff is a U.S. citizen by birth, and is claiming lost income (whether wages, salary, or self-employment income), provide copy of birth certificate or U.S. Passport.

2.    If plaintiff is a naturalized U.S. citizen, and is claiming lost income (whether wages, salary, or self-employment income), provide copy of naturalization papers or U.S. Passport.

3.    If plaintiff is not a U.S. citizen and is claiming loss of earnings:

       a.     Serve copies of the documents set forth in 8 U.S.C.' 1324a (b)[l](B), 8 U.S.C.  1 1324a (b)[l](C) and (D), and 8 CFR' 274a.2(b)[v] that were or have been issued to plaintiff during the subject period. As used in this section, the term subject period means the date of the accident/incident pleaded in the complaint, continuing to the present.

**VII.** **DEMAND FOR SCHOOL RECORDS**

Serve upon and deliver to the undersigned a duly executed and acknowledged written authorization permitting the undersigned to obtain and make copies of all public and private school records, including attendance records, of plaintiff, identifying the name(s) and address (es) of each such institution and plaintiffs identification number, if any, and reflecting plaintiffs performance and any lost time from school.

**VIII.** **DEMAND FOR INCOME TAX RECORDS**

PLEASE TAKE NOTICE, that pursuant to CPLR §§3101 and 3120(a), the plaintiff is required to produce and permit discovery, inspection and copying by the undersigned defendants, or their attorneys acting on their behalf, of the following:

Plaintiffs federal and state tax return forms and W-2 forms for the three years preceding the accident, up to and including the present time. In the event the plaintiff is not in possession of this information, it is hereby demanded that plaintiff serve upon and deliver to the attorneys for the undersigned defendants duly executed and acknowledged written authorizations permitting said attorneys to obtain and make copies of the above documents.

1.      Two clear forms of identification of the plaintiff in order to obtain plaintiff's tax records from three years preceding the accident, up to and including the present time.

2.      Complete the Internal Revenue form 4506 allowing the undersigned attorneys to obtain plaintiffs tax records from three years preceding the accident, up to and including the present time.

## I.     DEMAND FOR MEDICAL REPORTS

Copies of the medical reports of those physicians who have examined, treated and/or been consulted about plaintiff and who will testify at trial on plaintiff's behalf. Said report shall set out the examining physician's findings, including the conclusions, together with a statement of the injuries and conditions as to which testimony will be offered at the trial. Said reports shall also identify those x-rays and/or other films, technicians' and correspondence, etc. which will be offered at the trial. All reports of earlier examinations must also be forwarded.

## II.    DEMAND FOR LIEN, LOSS TRANSFER AND SUBROGATED INTEREST INFORMATION

PLEASE TAKE NOTICE, that pursuant to Article 31 of the CPLR, the plaintiff is hereby required to serve upon the office of the undersigned the following documents and information:

1.     State the amount of any purported lien(s) or lawful lien(s) against plaintiff's recovery and, if any are known to plaintiff, state the basis for said lien(s), and the date said lien(s) were established, asserted, filed and/or perfected; and state the names and addresses of any lienholder(s) or purported lienholder(s) and the lien identification number. Liens identified should include, but not be limited to, any Medicaid/Medicare liens, Workers Compensation liens, No Fault liens, Social Security liens, Social Security Disability liens, public assistance liens, medical provider liens; hospital liens; private medical insurer liens, ERISA liens; self-funded benefit plan liens, mechanics liens; and any other Federal, City, municipal or State liens.

2.     Set forth copies of any documents pertaining to any liens established, asserted, filed and/or perfected.

3.      If a copy of any lien is unavailable, please provide a sworn statement setting forth the name and address of all lien holders, the date, amount and reason for the lien and the lien identification number.

4.      If there are no outstanding liens, please provide an affidavit from plaintiff to that effect.

5.      State whether there are any outstanding loss transfers, statutory right(s) of recovery(s), or subrogated interests that have been or could be asserted in the future. If none, so state.

## III.      DEMAND FOR BANKRUPTCY STATUS

State whether plaintiff has filed a bankruptcy petition subsequent to the date of incident in this action; and if so, set forth the Bankruptcy Court in which the petition was filed and the case number, and state whether the claims which gave rise to this action has been listed as an asset in the schedule of assets relative to the said bankruptcy. Reynolds v. Blue Cross, 210 AD2d 619.

## IV.      DEMAND FOR STATEMENT OF DAMAGES PURSUANT TO CPLR §3017(c)

Demand is hereby made that plaintiff serve upon the undersigned, within 15 days hereof, a supplemental allegation stating the total damages to which plaintiff deems entitled in this action, pursuant to CPLR §3017(c).

## V.    DEMAND FOR SOCIAL MEDIA INFORMATION

PLEASE TAKE NOTICE, that pursuant to § 3120 of the CPLR you are hereby required to furnish to the undersigned authorization to obtain full access to and copies of all plaintiff's current and historical Facebook, Twitter, Instagram, and LinkedIn accounts for the period of (l) year prior to the date of loss, in this matter to the present. See Romano v. Steelcase, Inc. 2006-2233 (Suffolk Co., Sup. Ct., September 21, 2010); and Servelli v. Westchester, 2007-19051 (Westchester Sup. Ct., December 22, 2010).

1.    Authorizations shall permit the release and complete copies of said accounts including but not limited to: all records, information, photographs, videos, comments, messages and posting on Facebook, Twitter, Instagram, and LinkedIn accounts.

2.    Authorizations shall include the name, username, screen name, friend ID and E- mail account used in creating each and every Facebook, Twitter, Instagram, and LinkedIn accounts as well as the user's zip code and date of birth.

3.    The authorizations shall allow access to the requested records and shall be directed to the following:

a.    Facebook Attn: Security Department 1601 South California Avenue Palo Alto, CA 94304

b.    Twitter, Inc. c/o Trust & Safety 795 Folsom Street, Suite 600 San Francisco, CA 94107

c.    Instagram 181 South Park Street, Suite 2 San Francisco, CA 94107

d.    LinkedIn Corporation Attn: Legal Department 2029 Stierlin Court Mountain View, CA 94304

4.      If plaintiff was not a registered user of Facebook, Twitter, Instagram, and/or LinkedIn during the requested time period, defendant hereby demands a statement from plaintiff, under oath, to that effect.

PLEASE TAKE NOTICE, that upon your failure to comply with the above-mentioned demands, the undersigned defendants will move this court for those sanctions and remedies which are deemed appropriate under the laws of New York State.

PLEASE TAKE FURTHER NOTICE, that these are continuing demands and that if you obtain any of the information demanded herein subsequent to the service of this notice, then said information is to be furnished to the undersigned defendant whenever obtained and said defendants

Dated: Northport, New York
            August 16, 2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant


By:     _____
            PATRICIA A. O'CONNOR
            7 Bayview Avenue
            Northport, New York  11768
            (631) 261-7778
            File No.: WM 20-349 JP

TO:     LEVINE & SLAVIT, PLLC
            Attorneys for Plaintiff
            60 East 42nd Street, Suite 2101
            New York, New York  10165
            (212) 687-2777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------X

ROSLYN DAVIS,

                    Plaintiff,

     -against-

WAL-MART STORES EAST, LP,

                    Defendant.

------------------------------------------------------------------X

**Index No.: 512020/2020**

**NOTICE TO TAKE
DEPOSITION UPON
<u>ORAL EXAMINATION</u>**

COUNSELLORS:

          PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules the testimony, upon oral examination of all adverse parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at 7 Bayview Avenue, Northport, New York on the 17th day of September, 2020, at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the -- defense -- of this action:

          All of the relevant facts and circumstances in connection with the accident which occurred on the 5th day of July, 2018, including negligence, contributory negligence, liability and damages.

          That the said person to be examined is required to produce at such examination the following:   Any and all records, reports, memoranda and other writings relevant to the subject matter of the instant action.

Dated: Northport, New York
       August 16, 2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant


By:  _____
     PATRICIA A. O'CONNOR
     7 Bayview Avenue
     Northport, New York  11768
     (631) 261-7778
     File No.: WM 20-349 JP

TO:   LEVINE & SLAVIT, PLLC
      Attorneys for Plaintiff
      60 East 42nd Street, Suite 2101
      New York, New York  10165
      (212) 687-2777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

ROSLYN DAVIS,

                    Plaintiff,

       -against-

WAL-MART STORES EAST, LP,

                    Defendant.

-----------------------------------------------------------------X

**Index No.: 512020/2020**

**DEMAND FOR AUTHORIZATIONS**

        PLEASE TAKE NOTICE, that demand is hereby make upon you to deliver to the undersigned, attorneys for the defendant within twenty (20) days after service of this demand, originally, duly executed and acknowledged written authorizations completed to include the name, address and any other available information identifying the individual, facility or entity to which each of said authorizations is directed, permitting the law firm of BRODY O'CONNOR & O'CONNOR, ESQS. , or their authorized representatives to inspect and copy the following records:

1.     Disability carrier records regarding claim(s) for disability benefits.
2.     No-fault carrier records regarding claim(s) for no-fault benefits.
3.     Workers' Compensation carrier records.
4.     Workers' Compensation Board records.
5.     Records of all collateral sources identified in response to Combined Demands paragraph 8.

        PLEASE TAKE FURTHER NOTICE, that upon your failure to comply with this demand within the time aforementioned, an application will be made to the Court for the appropriate relief.

Dated: Northport, New York
       August 16, 2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant


By: _____
       PATRICIA A. O'CONNOR
       7 Bayview Avenue
       Northport, New York  11768
       (631) 261-7778
       File No.: WM 20-349 JP

TO:   LEVINE & SLAVIT, PLLC
      Attorneys for Plaintiff
      60 East 42nd Street, Suite 2101
      New York, New York  10165
      (212) 687-2777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

ROSLYN DAVIS,

                    Plaintiff,

      -against-

WAL-MART STORES EAST, LP,

                    Defendant.

-------------------------------------------------------------------X

**Index No.: 512020/2020**

**REFUSAL OF SERVICE**
**BY ELECTRONIC MEANS**

           PLEASE TAKE NOTICE, that pursuant to Rule 2103 of the Civil Practice Law

and Rules of the State of New York, defendant herein declines to accept service of documents

via facsimile transmission in this matter.

Dated: Northport, New York
       August 16, 2020

                    Yours, etc.

                    BRODY O'CONNOR & O'CONNOR, ESQS.
                    Attorneys for Defendant

                    By: _____
                        PATRICIA A. O'CONNOR
                        7 Bayview Avenue
                        Northport, New York  11768
                        (631) 261-7778
                        File No.: WM 20-349 JP

TO:    LEVINE & SLAVIT, PLLC
        Attorneys for Plaintiff
        60 East 42nd Street, Suite 2101
        New York, New York  10165
        (212) 687-2777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

ROSLYN DAVIS,

**Index No.: 512020/2020**

                    Plaintiff,

        -against-

WAL-MART STORES EAST, LP,

                    Defendant.

-----------------------------------------------------------------X

**DEMANDS FOR DOCUMENTS AND OTHER DISCOVERY**

PLEASE TAKE NOTICE, that all parties are required to produce and permit discovery, inspection and copying of the following:

1.      Any and all written accident/incident reports regarding the accident in issue.

2.      Any police, EMS, fire department or ambulance reports regarding the incident in issue.

3.      Copy of any notes or memoranda regarding the accident in issue.

4.      Each document relating to, evidencing and/or reflecting communications written and/or oral between the plaintiff and defendants with respect to the alleged incident that is the subject of the instant lawsuit and/or the injuries alleged to have been sustained as a result thereof.

5.      State the total amount claimed as damages setting forth in detail each and every expense and attaching all documents evidencing sale, including appraisals, reports, receipts, canceled checks and proof of payment.

6.      Each and every document which may support plaintiff's claim, that has expended and become obligated for sums of money for medical care and attention, including, but not limited to, invoices, bills, receipts, checks (front and back).

7.      Copy of Notice of Claim and any color exhibits annexed to the Notice of Claim if applicable.

8.      Supply copies of transcripts or records of all Municipal Hearings, examinations before trial and statutory hearings heretofore conducted, including execution pages and errata sheets.

9.      Any and all documents you will use at trial to substantiate the claim that plaintiff's accident was caused by work performed by the undersigned defendant(s).

10.     Copies of any and all agreements, contracts, sub-contracts and amendments to agreements by and between the parties herein that were in effect on the date of accident and related to the subject accident location.

11.     Copies of all job folders for the period of 2 years prior to and including the date of loss regarding work performed at the subject accident location.

12.     Copies of all daily logs, work orders, work records, progress reports and inspection reports for the period of 2 years prior to and including the date of loss regarding work performed at the subject accident location.

13.     Copies of all plans, designs, sketches, diagrams, blueprints or drawings for the period of 2 years prior to and including the date of loss regarding work performed at the subject accident location.

14.     Copies of any and all progress photographs taken of the work performed at the subject location for the period of 2 years prior to and including the date of loss.

15.     The names of defendant's employees present at the subject accident location on the date of loss.

16.     Copies of all Certificates of Insurance for each contractor or subcontractor providing services at the accident location on or before the date of loss.

17.     Copies of all emails by and between the parties regarding work, labor and/or services at the accident location on or before the date of loss.

18.     Copies of all text messages and/or other electronic evidence by and between the parties regarding work, labor and/or services at the accident location on or before the date of loss.

19.     Copies of all emails by and between the parties regarding the accident in question.

20.     Copies of all text messages and/or other electronic evidence by and between the parties regarding the accident in question.

Dated: Northport, New York
            August 16, 2020

                                        Yours, etc.

                                        BRODY O'CONNOR & O'CONNOR, ESQS.
                                        Attorneys for Defendant


                                        By: _____
                                            PATRICIA A. O'CONNOR
                                            7 Bayview Avenue
                                            Northport, New York  11768
                                            (631) 261-7778
                                            File No.: WM 20-349 JP

TO:    LEVINE & SLAVIT, PLLC
       Attorneys for Plaintiff
       60 East 42nd Street, Suite 2101
       New York, New York  10165
       (212) 687-2777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

ROSLYN DAVIS,

**Index No.: 512020/2020**

               Plaintiff,

     -against-

WAL-MART STORES EAST, LP,

               Defendant.

-----------------------------------------------------------------X

## NOTICE OF INTENT TO CONDUCT A PHYSICAL AND/OR PSYCHOLOGICAL EXAMINATION

      PLEASE TAKE NOTICE, that pursuant to CPLR §3121(a) of the Civil Practice

Law and Rules, the undersigned defendants by their attorneys intends to conduct a physical

and/or psychological examination of each allegedly injured plaintiff for each and every physical

and/or mental condition at issue herein; said examinations will be conducted by physicians

chosen by the undersigned defendants at said physician's office on the dates mutually agreeable

to the parties hereto, prior to the above captioned action being placed on the trial calendar of the

Court.

Dated: Northport, New York
       August 16, 2020

                          Yours, etc.

                          BRODY O'CONNOR & O'CONNOR, ESQS.
                          Attorneys for Defendant

                          By:   _____

                              PATRICIA A. O'CONNOR
                              7 Bayview Avenue
                              Northport, New York  11768
                              (631) 261-7778
                              File No.: WM 20-349 JP

TO:    LEVINE & SLAVIT, PLLC
       Attorneys for Plaintiff
       60 East 42nd Street, Suite 2101
       New York, New York  10165
       (212) 687-2777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

ROSLYN DAVIS,

**Index No.: 512020/2020**

Plaintiff,

-against-

WAL-MART STORES EAST, LP,

Defendant.

-----------------------------------------------------------------X

## DEMAND FOR AUTHORIZATIONS FROM PRIOR
## OR SUBSEQUENT INJURIES

The plaintiff will provide, in reference to any prior or subsequent injury(s) which is similar to the injuries being alleged in the present matter, the following:

a.       Authorizations to obtain all medical records, hospital records, x-rays, MRI scans and technical and diagnostic reports directed to any hospital, clinic, or· other health care facility in which injured plaintiff is or was confined.

b.       Names and addresses of all physicians or health care providers of every description who consulted, examined, or treated plaintiff for any prior injuries which are similar to those injuries being alleged in the present matter.

c.       Authorizations to obtain all medical records of each physician enumerated in (b) if such has not been provided.

d.       Copies of all medical reports received from any health care providers enumerated in (a), (b) or (c).

e.       Authorizations to allow the undersigned attorneys to obtain a complete pharmacy or drug store record with respect to all drugs prescribed to plaintiff.

f.      Authorizations to allow the undersigned attorneys to obtain a

complete legal file relating to any and all pre-existing condition relating to injuries alleged in

present matter.

g.      Copies of all legal records and/or reports received from any entity

identified in (f).

Dated: Northport, New York
        August 16, 2020

                                        Yours, etc.

                                        BRODY O'CONNOR & O'CONNOR, ESQS.
                                        Attorneys for Defendant


                                        By:   _____
                                              PATRICIA A. O'CONNOR
                                              7 Bayview Avenue
                                              Northport, New York  11768
                                              (631) 261-7778
                                              File No.: WM 20-349 JP

TO:     LEVINE & SLAVIT, PLLC
        Attorneys for Plaintiff
        60 East 42nd Street, Suite 2101
        New York, New York  10165
        (212) 687-2777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------X

ROSLYN DAVIS,                                              **Index No.: 512020/2020**

               Plaintiff,

      -against-

WAL-MART STORES EAST, LP,

               Defendant.

---------------------------------------------------------------X

### DEMAND PURSUANT TO SECTION 111 OF THE MEDICARE, MEDICAID AND SCHIP EXTENSION ACT OF 2007

       PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules of the State of New York, Public Law §110-173, Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (42 U.S.C. §1395 (b)(7)& (b)(8), you are hereby required to provide, within 30 days of service of this Demand, in a sworn statement, the following:

      1.     A statement as to whether plaintiff has applied for or been awarded or has or will receive Medicare and/or Medicaid and/or DSS and/or MSP benefits, at any time, for any reason, not limited to the injuries alleged in the instant action and if so, plaintiff is to state and provide the following:

           a.     Plaintiff's name as it appears on plaintiff's Social Security card or Medicare/Medicaid Benefit Card;

           b.     Other names by which plaintiff is known (i.e., niclman1es used in place of legal names);

           c.     Plaintiff's gender;

           d.     Plaintiff's date of birth;

e.      Plaintiff's Social Security number;

f.      Plaintiff's residence telephone number;

g.      Plaintiff's last known address;

h.      Plaintiff's Medicare/Medicaid Health Insurance Claim Number

("HICN");

i.      Plaintiff's date of eligibility for Medicare/Medicaid benefits;

j.      Amounts of Medicare/Medicaid payments for health care services

that are related to plaintiff's injuries;

k.      Amount of each Medicare/Medicaid lien for paid benefits;

l.      Contact information for each Medicare/Medicaid office and/or

individual that has contacted plaintiff or plaintiff's attorney regarding receipt of

Medicare/Medicaid benefits and this lawsuit;

m.      Date(s) such Medicare/Medicaid office(s) or individual(s)

contacted plaintiff for plaintiff's attorney regarding receipt of Medicare/Medicaid benefits and

this lawsuit;

n.      Address(es) of each Medicare and/or Medicaid office handling

plaintiff's claims;

o.      True and accurate copies of all documents, records, memoranda,

notes, etc., in plaintiff's possession pertaining to plaintiff's receipt of Medicare and/or Medicaid

benefits; and,

p.      A duly executed and acknowledged, HIPAA-compliant

authorization permitting the undersigned attorneys to obtain a copy of plaintiff's records from

Medicare/Medicaid, including but not limited to, Part A and Part B records.

1.      A statement as to whether plaintiff has/have applied for or been awarded or has or will receive Social Security Disability benefits, or appealed or anticipates an appeal of a denial of benefits from Social Security Disability at any time, for any reason, not limited to the injuries alleged in the instant action and if so, plaintiff is to state and provide the following:

a.      Social Security File Number and/or Case Number;

b.      Address(es) of each Social Security office handling plaintiff's claim;

c.      True and accurate copies of all documents, records, memoranda, notes, etc., in plaintiff's possession pertaining to plaintiff's receipt of Social Security benefits;

d.      A duly executed Social Security Administration Consent for Release of Information Form 3288 authorization permitting the undersigned attorneys to obtain a copy of plaintiff's records from the Social Security Administration;

e.      Date(s) of application for Social Security Disability benefits for plaintiff;

f.      Date(s) Social Security Disability benefits were awarded to plaintiff;

g.      The period(s) for which Social Security Disability benefits were paid for plaintiff (e.g. 1/1/10 to present);

h.      Date(s) of injury or diagnosis of injury of condition for which Social Security Disability benefits were awarded for plaintiff;

i.      If application(s) for Social Security Disability was/were denied, plaintiff is to provide the following:

-      Date(s) of denial;

    -      Reason(s) for denial as provided by the Social Security

Administration (SSA);

    -      Date(s) of appeal(s) of denial(s); and,

    -      Date(s) of reversal(s) or affirmation(s) of SSA decision(s).

1.      A statement as to whether plaintiff suffers from any of the following diseases or conditions, with pertinent information:

    a.      Any form of kidney disease (e.g. permanent kidney failure);

        -      Date diagnosed;

        -      Description of treatment;

        -      Medical prognosis given; and

        -      Date of application of Medicare benefits for this disease.

    a.      Amyotrophic Lateral Sclerosis a/k/a "Lou Gehrig's Disease" or "ALS";

        -      Date diagnosed.

        -      Description of treatment;

        -      Medical prognosis given; and

        -      Date of application of Medicare benefits for this disease.

1.      If this action involves a decedent and Medicare/Medicaid paid benefits for treatment of the decedent's alleged injuries, state and provide the following:

    a.      Date of death;

    b.      Amount of benefits paid; and

    c.      Copies of medical bills submitted to Medicare/Medicaid for payment.

1.      Execute and return the Medicare Informational Questionnaire as required by The Centers for Medicare & Medicaid Services pursuant to Section 111 of the Medicare, Medicaid and SCRIP Extension Act of 2007 (MMSEA), a federal law that became effective January 1, 2009.

2.      Each Medicare Secondary Payor (MSP) file number, if applicable.

3.      A statement as to whether plaintiff has applied for or been awarded or has or will receive Supplementary Security Income (SSI) or Social Security Disability Insurance (SSDI) benefits, at any time, for any reason, not limited to the injuries alleged in the instant action and if so, plaintiff is to state and provide the following:

a.      Social Security File Number and/or Case Number;

b.      Address(es) of each Social Security office handling plaintiff's claim;

c.      True and accurate copies of all documents, records, memoranda, notes, etc., in plaintiff's possession pertaining to plaintiff's receipt of Social Security Income and/or Social Security Disability Insurance benefits;

d.      A duly executed Social Security Administration Consent for Release of Information Form 3288 authorization permitting the undersigned attorneys to obtain a copy of plaintiff's records from the Social Security Administration;

e.      Date(s) of application for Social Security Income and/or Social Security Disability Insurance benefits for plaintiff;

f.      Date(s) Social Security Income and/or Social Security Disability Income benefits were awarded to plaintiff;

g.      The period(s) for which Social Security Income and/or social Security Disability Income benefits were paid for plaintiff (e.g. 1/1/10 to present);

   h.  Date(s) of injury or diagnosis of injury of condition for which Social Security Income and/or Social Security Disability Income benefits were awarded for plaintiff;

   i.  If application(s) for Social Security Income and/or Social Security Disability Income benefits was/were denied, plaintiff is to provide the following:

    -  Date(s) of denial;

    -  Reason(s) for denial as provided by the Social Security Administration (SSA);

    -  Date(s) of appeal(s) of denial(s); and,

    -  Date(s) of reversal(s) or affirmation(s) of SSA decision(s).

   1.  A statement as to whether plaintiff is eligible for Medicare or Medicaid.

   2.  If plaintiff has appealed or intends to appeal the denial of Medicare, Medicaid, SSI and/or SSDI benefits, provide all information/documentation of any such appeal or intent to appeal of the denial of such benefits.

   3.  State whether Medicare, Medicaid and/or the Social Security Administration has a lien on any potential award, judgment or settlement in this lawsuit and, if so, state the amount of such liens and provide all information/documentation relative to these liens.

   PLEASE TAKE FURTHER NOTICE, that your failure to comply herewith will result in an application by the undersigned to the Court for the appropriate relief and sanctions now or at the time of trial herein.

Dated: Northport, New York
   August 16, 2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant


By:   _____
      PATRICIA A. O'CONNOR
      7 Bayview Avenue
      Northport, New York  11768
      (631) 261-7778
      File No.: WM 20-349 JP

TO:   LEVINE & SLAVIT, PLLC
      Attorneys for Plaintiff
      60 East 42nd Street, Suite 2101
      New York, New York  10165
      (212) 687-2777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

ROSLYN DAVIS,                                                         **Index No.: 512020/2020**

                          Plaintiff,

          -against-

WAL-MART STORES EAST, LP,

                          Defendant.

-------------------------------------------------------------------X

## NOTICE TO PRESERVE ELECTRONIC EVIDENCE

          PLEASE TAKE NOTICE that the defendant hereby serves this notice to preserve electronic information as follows:

          1.       This notice requests your immediate action to preserve electronically stored information that may contain evidence important to the above legal matter. This notice applies to all parties' cellphone and computer systems and removable electronic media plus all computer systems, services, and devices (including all remote access and wireless devices) used by the party, its agents, servants and/or employees. This includes, but is not limited to, e-mail, Facebook, Twitter, and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, system usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data. Further, this notice applies to archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail, and other data, all operating systems, software, applications, hardware, operating manuals, codes, keys and other support information needed to fully search, use, and access the electronically stored information must also be preserved.

Dated: Northport, New York
          August 16, 2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant


By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York  11768
(631) 261-7778
File No.: WM 20-349 JP

TO:   LEVINE & SLAVIT, PLLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 2101
New York, New York  10165
(212) 687-2777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------X

ROSLYN DAVIS,                                                    **Index No.: 512020/2020**

          Plaintiff,

    -against-

WAL-MART STORES EAST, LP,

          Defendant.

------------------------------------------------------------------X

## DEMAND FOR AUTHORIZATIONS TO PERMIT INTERVIEW
## OF TREATING PHYSICIAN BY DEFENSE COUNSEL

      PLEASE TAKE FURTHER NOTICE, that pursuant to the rules of this Court, Article 31 of the CPLR and the Court of Appeals decision in the Arms, Webb and Kish cases (9 NY3d 393) plaintiff is required to provide fully executed authorizations to the undersigned attorneys to permit interview(s) of each and every treating physician of plaintiff by defense counsel.

      PLEASE TAKE FURTHER NOTICE, that said authorizations fully executed by plaintiff are to be furnished to the office of the undersigned attorneys within 30 days.

Dated: Northport, New York
      August 16, 2020

                        Yours, etc.

                        BRODY O'CONNOR & O'CONNOR, ESQS.
                        Attorneys for Defendant

                        By: _____
                              PATRICIA A. O'CONNOR
                              7 Bayview Avenue
                              Northport, New York  11768
                              (631) 261-7778
                              File No.: WM 20-349 JP

TO:   LEVINE & SLAVIT, PLLC
       Attorneys for Plaintiff
       60 East 42nd Street, Suite 2101
       New York, New York  10165
       (212) 687-2777